THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DIANA TRUE; CORI BERHENDS; and MICHELE NOREN,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIRLINES, INC.,<br><br>Defendant. | **CORRECTED MEMORANDUM DECISION AND ORDER DISMISSING PARTIES**<br><br>Case No. 2:20-CV-191-HCN-DBP<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On February 21, 2023, Chief Magistrate Judge Pead entered an order permitting counsel for Plaintiff Michele Noren to withdraw. *See* Dkt. No. 58. Chief Judge Pead's order also stayed the action for twenty-one days and required that Ms. Noren "must file a Notice of Pro Se Appearance or new counsel must file an appearance on her behalf" before the stay expired. *Id.* at 1. The order warned that if Ms. Noren or new counsel failed to do so, Ms. Noren "may be subject to sanctions, including but not limited to dismissal or default judgment." *Id.* at 1–2. Neither Ms. Noren nor new counsel has entered an appearance.

Three days later, Chief Judge Pead entered a similar order permitting counsel for Plaintiff Diana True to withdraw. *See* Dkt. No. 63. Once again, the order stayed the action for twenty-one days, directed that Ms. True "must file a Notice of Pro Se Appearance or new counsel must file a Notice of Appearance on Ms. True's behalf" before the expiration of the stay, and warned that if Ms. True or new counsel failed to do so, Ms. True "may be subject to sanctions, including but not limited to dismissal or default judgment." *Id.* at 1–2. Neither Ms. True nor new counsel has entered an appearance.

On March 23, 2023, after both stays expired without either Plaintiff complying with Chief Judge Pead's order, Defendant Delta Airlines, Inc., moved to dismiss Ms. Noren and Ms. True as parties to this action for failure to prosecute and to comply with the court's orders. *See* Dkt. No. 64. Although the deadline for doing so has long passed, neither Plaintiff has responded to this motion.

One month later, on April 20, 2023, the court ordered Ms. Noren and Ms. True to each file a brief no later than May 8, 2023, "showing cause why her claims should not be dismissed for failure to comply with the court's orders and for failure to prosecute." Dkt. No. 66. The court warned that "[i]f either of these Plaintiffs fails to show cause, the court will dismiss her claims without further notice." *Id.* Although two weeks has passed since the deadline for doing so, Ms. Noren and Ms. True have failed to show cause, seek an extension, or otherwise respond to the court's order. Indeed, not only have Ms. Noren and Ms. True failed to respond to Chief Judge Pead's order, Delta's motion to dismiss, or the show cause order, neither of these Plaintiffs has communicated with the court in any way since her previous counsel withdrew more than three months ago.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and, "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Ms. Noren and Ms. True have each disregarded an order to file a *pro se* notice of appearance or have new counsel file a notice on her behalf, as well as an order to show cause why her claims should not be dismissed for failure to comply with the court's orders and for failure to prosecute. Ms. Noren and Ms. True also failed to respond to Delta's motion to dismiss them as parties on the same ground. And they have done so despite being explicitly warned twice each that failure to comply with the court's orders may result in the dismissal of their claims.

In light of all of this, the court finds that Ms. Noren and Ms. True have failed to (1) prosecute this action; (2) comply with this court's orders; and (3) show good cause why their claims should not be dismissed. The court accordingly dismisses Ms. Noren's and Ms. True's

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court is dismissing the action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given that (a) Ms. Noren and Ms. True have failed to file a Notice of Appearance as ordered by the court, (b) Ms. Noren and Ms. True have failed to respond to the court's show-cause order, (c) Ms. Noren and Ms. True have failed to respond to Defendant's motion to dismiss, and (d) the court has warned Ms. Noren and Ms. True twice each that it may dismiss their claims for failure to comply with its orders.

claims against Delta pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice. The clerk's office shall terminate Ms. Noren and Ms. True as parties to this action.

    IT IS SO ORDERED.

    DATED this 28th day of June, 2023.

    BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge